IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ALVIN VERNON LUCKETT, JR.                                                              PLAINTIFF

VS.                                                         CIVIL ACTION NO. 4:10-cv-00214-CWR-FKB

SGT. UNKNOWN TERRELL, CHRISTOPHER B. EPPS,
KENNETH REAGAN, SONJA GRUBB, MICHAEL WHITE,
RICARDO GILLESPIE, DANIEL BAKER, KINO REESE,
UNKNOWN THOMAS, UNKNOWN THRIFT,
EUGENE WIGELSWORTH, JOHN NEWBAKER,
JOHN HOPKIN, J. ALEXANDER, T. HOLCAM,
GLORIA PERRY, UNKNOWN RICK, UNKNOWN COX,
DR. UNKNOWN ABANGAN, UNKNOWN ATWOOD,
GEORGE BRYAN, UNKNOWN JOHNSON,
UNKNOWN MCDONALD, DAVID PETRIE AND
UNKNOWN HAYGOOD                                                                       DEFENDANTS

## **REPORT AND RECOMMENDATION**

The Court held a *Spears* hearing[1] in this matter on August 24, 2011, at which time it conferred with Plaintiff and Counsel for Defendants in this suit brought pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise out of his incarceration at East Mississippi Correctional Facility (EMCF).

By his complaint, Luckett asserts a litany of grievances, beginning with an incident on August 14, 2010, during which he alleges that while receiving his medications, Luckett put his hand over the cell door tray flap to prevent Sargent Terrell from locking it, and Sargent Terrell closed the slot on his hand and sprayed him with mace, at which point Luckett removed his hand from the slot. Luckett alleges that Sargent Terrell returned five

---

[1]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

to ten minutes later with Officers Willieham, Brown, Hopkin and some others, handcuffed Luckett and took him to the outside yard recreation pen. Luckett states that he remained handcuffed in the outside pen for fifteen to twenty minutes before being taken back to his cell, where he remained handcuffed for another fifteen to twenty minutes until Officer Willieham returned to remove the cuffs. Luckett was not offered a shower. Luckett asserts that Terrell's actions constituted excessive force.

Next, Luckett alleges that members of an "EMCF Treatment Team," including Defendants Thrift, and Byran, as well as persons named Willieham and Moore, advised that he had a June 1, 2010, Rules Violation Report (RVR) for masturbating. But, Luckett claims that he had no knowledge of any such RVR. Luckett contends he did not refuse to sign that RVR and did not waive his right to a hearing. Luckett argues this action violated his due process rights.

Luckett's third claim is that EMCF does not serve prisoners enough food; a daily menu is not posted; the coffee is watery; no sugar is provided; salt and pepper are never served; the meals are cold; food trays are left inside cells uncovered; and staff members serving food do not wear hair nets and gloves. Luckett contends these constitute Fourteenth Amendment violations.

Luckett next claims inmates are not receiving one hour of yard recreation five days a week. He contends this violates the Eighth Amendment.

Luckett's fifth claim is that inmates are not provided cleaning products for their cells, nor are the cells cleaned routinely, which he asserts promotes an alleged problem in his unit with roaches, spiders, and mice/rats. This too Luckett contends is an Eighth

2

Amendment violation.

Next, Luckett challenges EMCF visitation privileges. He claims that inmates may only receive visits once every three months, for one hour, with no physical contact and that visitors have to wait for hours, all of which he alleges constitute another Eighth Amendment violation.

For his seventh claim, Luckett asserts that he has limited access to a telephone and there is no telephone schedule. Lucket argues that lack of a telephone violates his First and Fourteenth Amendment rights.

In his eighth claim, Luckett alleges a lack of Islamic literature and materials, too few visits by a religious leader, and improper meals for Ramadan. Luckett claims the First and Fourteenth Amendments are being violated by these deficiencies.

Luckett next turns his attention to medical issues. He alleges deliberate indifference to inmates' medical needs, claiming everything from a lack of sick call forms, delays in treatment, little treatment, incorrect medications given, skipped dosages, medicines dissolved in water, a lack of over-the-counter medications, and a failure to monitor his need for his prescription refills. The lack of proper medical care is, according to Luckett, a violation of the Eighth Amendment.

Tenth in Luckett's complaint is a claim that inmates' due process rights are being violated by RVRs being placed in their files without inmate notice. Luckett contends that EMCF staff members are signing these RVRs and lying about inmates having refused to sign them. Luckett also alleges in this claim that EMCF officials are refusing to call witnesses, refusing to request investigations, refusing hearings, and refusing appeals.

3

Luckett accuses Defendant Kino Reese, in particular, of conducting disciplinary hearings without inmates present and lying on RVRs about it.

Luckett's next claim is that EMCF officials are confiscating inmates' property illegally, then losing or destroying it. Eighth and Fourteenth Amendments are alleged to be at issue in this claim.

Luckett also takes issue with the quantity of reading material he is provided. He asserts that despite a facility policy that inmates may check out one book a week from the prison library, he has had to wait two and three months. Additionally, Luckett objects to being allowed to only check out one book or magazine a week. Luckett contends this is a First Amendment violation.

Thirteenth on Luckett's list is a claim that EMCF officials are illegally searching inmates' cells without inmates present, then leaving the cells in disarray or taking items. This, according to Luckett, is a violation of the Fourth Amendment.

A lack of jackets and/or extra clothing is the subject of Luckett's fourteenth claim, as well as allegations that there is no routine body count, no doctor on site 24/7, no ambulance, no razor, or in the alternative, no weekly shave and haircut, no mirror in the cells, limited contact between inmates and staff, and a failure to provide showers three times a week in accordance with facility policy. This action/inaction is alleged to constitute a violation of both the Eighth and Fourteenth Amendments.

Luckett next challenges the policies, procedures, and practices of the Administrative Remedy Program. He contends that they are designed to hinder inmates from pursuing complaints in a timely manner. However, the only allegations made by

4

Luckett are that the requirements for an emergency ARP are too strict and that a prohibition against multiple complaints in a single ARP request form prevents prisoners from attacking inhumane prison conditions. Luckett contends that these policies violate his First, Eighth and Fourteenth Amendment rights.

Luckett contends that his complaints, individually, may not constitute a violation of any constitutional right. However, he contends that, when taken as a whole, they constitute an Eighth Amendment violation based on the "totality of the conditions."

At his August 24, 2011, omnibus hearing, Luckett was given an opportunity to clarify his claims and develop the facts leading to this lawsuit. At the hearing, Luckett testified that he has only exhausted the administrative remedy process with respect to his excessive force claim.

Exhaustion of administrative remedies is required by 42 U.S.C. § 1997e. The relevant portion of 42 U.S.C. § 1997e states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In Booth v. Churner, 121 S.Ct. 1819 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the Prison Litigation Reform Act of 1995 ("PLRA"), requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. Booth, 121 S.Ct. at 1825. The United States Supreme Court recently reiterated this position, holding that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life. See Porter v.

5

Nussle, 122 S.Ct. 983 (2002).  See also Dillon v. Rogers, 596 F.3d 260 (5th Cir. 2010).

Based on the foregoing, the undersigned recommends dismissal of all claims except Plaintiff's excessive force claim.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 2nd day of November, 2011.

/s/F. Keith Ball
UNITED STATES MAGISTRATE JUDGE