UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ALVIN VERNON LUCKETT, JR.                                               PLAINTIFF

V.                                CIVIL ACTION NO. 4:10-cv-00214-CWR-FKB

SGT. UNKNOWN TERRELL, ET AL.                                   DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

This cause is before the court on Plaintiff's motion for a preliminary injunction (Docket No. 53).

As the Court previously noted, injunctive relief is not appropriate unless a plaintiff satisfies the stringent test set out in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985)(citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). A plaintiff must establish (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) that the threat and injury to the plaintiff outweighs the threat and harm the injunction may do to the defendants; and (4) that granting the injunction will not disserve the public interest. *Mississippi Power & Light Co.*, 760 F. 2d at 621. Each requirement must be met before the court may grant the drastic remedy of injunctive relief. *Id.*

The Court held a hearing on Plaintiff's Motion on March 28, 2012. At the hearing, Plaintiff testified that the lock down which prevented inmates from obtaining out-of-cell exercise and which is the subject of his motion had ended. Reviewing the foregoing factors that must be considered, and particularly whether there is a substantial threat of irreparable injury if the injunction is not granted, it is impossible for Plaintiff to meet the test for a preliminary injunction since the very subject of the motion (that is, the lock down and accompanying prohibition of out-

of-cell exercise) has already ceased. According to Plaintiff's own testimony, there is not an existing threat to Plaintiff's physical well-being and no current threat that he will suffer irreparable injury as a result of the lock down, since the lock down is no longer in existence. Therefore, the motion for preliminary injunction should be and is hereby denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 28th day of March, 2012.

s/ F. Keith Ball_____<br>
UNITED STATES MAGISTRATE JUDGE